IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC V. MITCHEL, § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 4:24-cv-00149-O-BP |
| § | |
| FELICIA PITRE, *et al.*, § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On February 14, 2024, pro se plaintiff Eric V. Mitchel ("Mr. Mitchel") filed a civil complaint alleging various claims concerning the collection of child support, among them that aspects of the child support system in Texas are unconstitutional. ECF No. 1. Accordingly, the undersigned construes his action as being brought, at least in part, under 42 U.S.C. § 1983. His action has been referred to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Reed O'Connor. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned recommends that Judge O'Connor transfer the case to the Dallas Division of the Court.

Title 28 U.S.C. § 1391(b) governs venue in a civil rights action. *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b). The Court now considers whether venue is properly placed in the Fort Worth

Division of the Court, particularly given that several key facts indicate that venue may be better situated in the Dallas Division.

First, none of the none of the named defendants listed have addresses suggesting that they reside in the Fort Worth Division of the Court. *Id.* § 1391(b)(1). On the summons, Mr. Mitchel listed defendant Felicia Pitre as having a Dallas address (within Dallas County) and showed the Texas Attorney General Child Support Division as having an Austin address. ECF No. 2. Dallas County is in the Dallas Division of this Court. 28 U.S.C. § 124(a)(1). The Court takes judicial notice that Austin is located in Travis County, Texas, which is in the Western District of Texas, Austin Division. Fed. R. Evid. 201; 28 U.S.C. § 124(d)(1).

Second, several key facts indicate that "a substantial part of the events or omissions giving rise to the claim occurred" in Dallas County, and nothing suggests that they occurred within the Fort Worth Division of the Court. 28 U.S.C. § 1391(b)(1). For example, Mr. Mitchel appears to request that a federal court overturn a state court order from a state family court located in Dallas County. ECF No. 1 at 11. Additionally, he describes defendant Felicia Pitre as a Dallas County district clerk. *Id*. Furthermore, he is suing the "Texas Attorney General Child Support Division, Dallas County." *Id*. at 5.

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975). The Court also may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

2

Accordingly, under 28 U.S.C. § 1391 and in the interest of justice, the undersigned **RECOMMENDS** that Judge O'Connor transfer this action to the Dallas Division of the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 18, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE