IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC V. MITCHEL, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 3:24-CV-1711-K-BW |
| § | | |
| TEXAS ATTORNEY GENERAL § | | |
| CHILD SUPPORT DIVISION, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion filed on March 12, 2024, by Defendant Office of the Attorney General of Texas ("OAG") to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), claims brought by Plaintiff Eric V. Mitchel. (Dkt. No. 9 ("Motion ("Mot.")) and Dkt. No. 9-1 ("Brief" ("Br.")).)[1] Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-354, this case has been referred to the undersigned United States magistrate judge for pretrial management and recommendation on claim-dispositive motions. (*See* Dkt. No. 23.)

Based on the relevant filings and applicable law, the undersigned recommends that the OAG's Motion (Dkt. No. 9) be **GRANTED**.

---

[1] As the OAG's brief lacks pagination, the undersigned cites the document using the page numbers assigned by the ECF system and displayed at top of each page.

## I. BACKGROUND

Mitchel originally filed his pro se complaint in the Fort Worth Division of this Court on February 14, 2024.[2] (Dkt. No. 1 ("Compl.")). Mitchel's allegations are disjointed and difficult to follow, but he primarily takes issue with proceedings related to the collection of child support payments. (*Id.*) He alleges various claims against the OAG,[3] including that an adverse child support order against him was entered fraudulently (Compl. ¶ 9) and that aspects of the child support system in Texas are unconstitutional (*id.* ¶ 87). As relief, Mitchel requests this Court to overturn the state court child support order entered against him. (*Id.* ¶ 88.)

The OAG filed the Motion on March 12, 2024, arguing that (1) the OAG is entitled to sovereign immunity under the Eleventh Amendment; (2) Mitchel lacks standing; and (3) the relief requested violates the *Rooker-Feldman* doctrine. (*See* Mot. ¶ 2.) Mitchel filed a response on March 25, 2024, (Dkt. No. 11); the OAG filed a reply on April 16, 2024 (Dkt. No. 12); and Mitchel filed a second response on April 24, 2024 (Dkt. No. 13). Accordingly, the motion (Dkt. No. 9) is ripe and ready for determination.

---

[2] On July 3, 2024, the case was transferred to the Dallas Division because the Court determined that none of the named defendants appeared to reside in the Fort Worth Division and a substantial part of the events or omissions relating to Mitchel's claims occurred in Dallas County, which is in the Dallas Division. (*See* Dkt. Nos. 18, 19.)

[3] Mitchel also named Dallas County District Clerk Felicia Pitre as a defendant, but on December 26, 2024, Mitchel voluntarily dismissed Pitre from the lawsuit without prejudice. (Dkt. No. 29.)

## II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cnty.*, 910 F.3d 809, 811 (5th Cir. 2018)).  Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(1) is the vehicle through which a party can challenge a federal court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  The district court may dismiss for lack of subject-matter jurisdiction based on the complaint alone. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The court must accept all factual allegations in the complaint as true. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id*.

### III. ANALYSIS

Because Mitchel is proceeding pro se, the Court construes the allegations in his complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The Court has an obligation to construe pro se plaintiffs' briefs more permissively and to make more allowances, and pro se litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.* Dismissal under Rule 12(b)(1) is permitted only when "it appears certain that the plaintiff cannot prove any set of facts that would entitle Plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

Mitchel's complaint alleges that he has made payments under a "fraudulent implied contract" with the OAG Child Support Division. (Compl. ¶ 16.) According to Mitchel, this alleged fraudulent contract does not "comport to the maxims of Common Law, Equity Law, laws of Admiralty, nor does it adhere to the necessary elements in constituting a lawful contract under the Uniform Commercial Code." (*Id.* ¶ 25.) Mitchel also asserts that he offered "GSA Bonds" that were accepted by OAG as settlement of his debt. (*Id.* ¶ 28.) He goes on to assert that the alleged "contract of debt" against him is unconstitutional because "the State lacks the constitutional authority to mandate spending for a child based on income, rather than adhering to the law which requires a child be supported only for the necessaries." (*Id.* ¶ 29.)

The undersigned has given Mitchel's complaint the liberal reading required of pro se pleadings but finds, nevertheless, that he has failed to plead any facts or any

claims to support federal jurisdiction. In addition, even though liberally construed, Mitchel's responsive briefs (Dkt. Nos. 11, 13) (collectively, "Responses") fail to negate any of the arguments raised by the OAG and fail to counter any of the defenses presented in the motion to dismiss. (*See* Responses.) Accordingly, Mitchel's Responses fail to set forth any additional facts or legal arguments and authorities in opposition to the OAG's motion, as required by the Court's local rules. *See* N.D. Tex. L.R. 7.1(d) (requiring that a response must "set forth the responding party's contentions of fact and/or law, and arguments and authorities").

First, Mitchel's claims against the OAG are barred by sovereign immunity. The Eleventh Amendment prevents individuals from suing a state for damages. *See* U.S. CONST. AM. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54, (1996). Eleventh Amendment immunity extends not only to the states themselves, but also to state agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 360 (2006). "The Office of the Attorney General is an arm of the state entitled to sovereign immunity." *Walker v. Texas, Off. of Atty. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002) (citing TEX. CONST. art. IV, §22).

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121. Immunity from suit is "a fundamental aspect of the sovereignty which the

States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). Because a federal court does not have subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment, any claims that are barred by sovereign immunity should be dismissed without prejudice. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).

The burden of showing a waiver of sovereign immunity under the Eleventh Amendment falls on the plaintiff. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 606, 608 (5th Cir. 1980). Absent a waiver or consent of the state, sovereign immunity is a total bar to suit, not just immunity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). Here, Mitchel sued the OAG without identifying a waiver of sovereign immunity or consent. His claims are therefore barred by sovereign immunity and should be dismissed for lack of subject matter jurisdiction.

Next, to the extent Mitchel seeks to compel the OAG to overturn a state court decision through this federal lawsuit (Compl. ¶ 88), his claims are also barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Mitchel explicitly requests this Court to overturn state court orders and judgments adverse to him (Compl. ¶¶

86, 88) in violation of the *Rooker-Feldman* doctrine. Therefore, his case should be dismissed for this additional reason.

The OAG argues that Mitchel's claims should be dismissed for an additional reason—that he lacks standing to sue the OAG because the OAG cannot provide the requested relief or redress any alleged injury. (*See* Br. at 5-6.) While this may be correct, the undersigned finds no need to address this additional argument. As discussed above, the sovereign immunity afforded to the State of Texas under the Eleventh Amendment and the *Rooker-Feldman* doctrine provide ample basis to conclude that this Court lacks subject matter jurisdiction over Mitchel's claims.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Motion (Dkt. No. 9) be **GRANTED**, and all claims asserted by Plaintiff Eric Mitchel be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

**SO RECOMMENDED** on December 30, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).