IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC V. MITCHEL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-1711-K-BW |
| | § | |
| TEXAS ATTORNEY GENERAL | § | |
| CHILD SUPPORT DIVISION, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case is before the undersigned magistrate judge on a standing order of reference for pretrial management. (*See* Dkt. Nos. 3, 23.) On January 14, 2025—one week after United States District Judge Ed Kinkeade entered judgment dismissing pro se Plaintiff Eric V. Mitchel's claims without prejudice, Mitchel filed a document styled as an amended complaint asserting his claims against named officials in their official capacity seeking declaratory and injunctive relief. (Dkt. No. 34.)

The undersigned recommends that Mitchel's post-judgment filing be liberally construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and that the motion, as construed, be denied because Mitchel provides no reason for relief satisfying the requirements of Rule 60.

## I. BACKGROUND

Details about Mitchel's lawsuit are contained in the undersigned's prior findings, conclusions, and recommendation, and they need not be repeated here.

(*See* Dkt. No. 30 at 2.)  Mitchel filed this suit against the Office of the Attorney General of Texas raising complaints about child-support proceedings and requesting that this Court overturn his obligation to pay child support.  (*See* Dkt. No. 1.)

On December 30, 2024, the undersigned entered findings, conclusions, and a recommendation that the case be dismissed because Mitchel had not shown any waiver of sovereign immunity that would allow this Court to exercise jurisdiction over Mitchel's claims against the State of Texas.  (Dkt. No. 30.)  Mitchel filed no objections to the recommendation and, on January 7, 2025, Judge Kinkeade accepted the recommendation and entered judgment dismissing Mitchel's claims without prejudice.  (Dkt. Nos. 32, 33.)  On January 14, Mitchel filed a document styled as an amended complaint against the Texas Attorney General and other child-support officials in their official capacity.  (Dkt. No. 34.)

## II.  LEGAL STANDARDS AND ANALYSIS

Plaintiff filed his amended complaint a week after the Court entered judgment dismissing Mitchel's claims.  Given this timing and Mitchel's apparent request to allow him to pursue the new claims despite the entry of judgment, the undersigned "liberally construe[s] Plaintiff's post-judgment amended complaint as being filed pursuant to Rule 60(b)."  *Duru v. TSPMG Kaiser Permanente Georgia*, No. 3:14-CV-3817-N-BN, 2015 WL 9243806, at *1 (N.D. Tex. Nov. 12, 20215) (brackets omitted) (quoting *Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015)).

Fed. R. Civ. P. 60(b) provides standards by which a court may grant a party relief from a final judgment. By its text, the rule may be used to relieve a party from a judgment based on such things as excusable neglect, new evidence, fraud, or "any other reason that justifies relief." But the Fifth Circuit has explained that the residual gateway in Rule 60(b)(6) that enables a plaintiff to seek relief based on any other reason "is available only in 'extraordinary circumstances.'" *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019) (quoting *Buck v. Davis*, 580 U.S. 100, 123 (2017)). "The burden of establishing at least one of the Rule 60(b) requirements is on Plaintiff as the movant, and the determination whether that burden has been met rests within the discretion of the court." *Duru*, 2015 WL 9243806, at *2 (brackets omitted) (quoting *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-CV-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013)).

Plaintiff's amended complaint offers no reason justifying post-judgment relief, nor does the undersigned perceive based on Mitchel's filing any grounds that might satisfy Rule 60(b). Plaintiff offered no objection to the findings, conclusions, and recommendation and did not seek leave to file an amended complaint prior to entry of judgment. There has been no fraud, nor is the judgment void. Through his amended complaint, Plaintiff apparently seeks to modify his claims to assert them against specific officials in their official capacity for declaratory and injunctive relief, but there is no reason—much less the necessary degree of *extraordinary*

circumstances—shown as to why his assertion of these claims should be allowed by way of post-judgment relief.

## RECOMMENDATION

The Court should liberally construe Mitchel's post-judgment filing of an amended complaint (Dkt. No. 34) as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and deny that motion.

**SO RECOMMENDED** on February 6, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).